**Valene D. CYSEWSKI, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE, Defendant—Appellee.**

No. 07–36050.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 7, 2008.*

Filed Aug. 26, 2008.

Paul B. Eaglin, Esq., Eaglin Law Office, Fairbanks, AK, for Plaintiff–Appellant.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

David J. Burdett, Esq., Social Security Administration Office of the General Counsel, Seattle, WA, Richard L. Pomeroy, Esq., Office of the U.S. Attorney Federal Bldg. & U.S. Courthouse, Anchorage, AK, for Defendant–Appellee.

Before: D.W. NELSON, TASHIMA, and FISHER, Circuit Judges.

## MEMORANDUM **

Valene D. Cysewski appeals the district court's order affirming the Social Security Administration's denial of her application for disability benefits. The Administrative Law Judge ("ALJ") determined that notwithstanding Cysewski's chronic obstructive pulmonary disease and obesity, she was able to perform past relevant work, and therefore was not disabled. Because the ALJ erred in discounting Cysewski's testimony concerning the effect of her symptoms, and did not make adequate findings concerning Cysewski's residual functional capacity ("RFC"), we reverse and remand.

■ The ALJ erred in discounting Cysewski's testimony regarding the severity of her symptoms. Once a "claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged … the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering

specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir.2007) (internal citations and quotation marks omitted). The ALJ pointed to activities reported in a February 7, 2004, Daily Activities Questionnaire to discount Cysewski's testimony from the June 6, 2006, hearing, without giving her the opportunity to explain whether ensuing developments between the two dates precluded the ALJ's reliance on the earlier-reported activities. This was especially problematic both because the ALJ did not mention a November 3, 2005, Disability Report—Appeal form in which Cysewski claimed new physical limitations resulting from her bronchitis and because Cysewski was unrepresented at the hearing. *See Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir.2001) (noting that "the ALJ must be especially diligent in exploring for all the relevant facts" when a petitioner appears *pro se* ). Further, the ALJ improperly discounted Cysewski's testimony as not credible based on the fact that she was paid to provide fifty hours of childcare per week for her two grandchildren. Babysitting one's own grandchildren at home does not always mean that one will be able to perform the functions of a childcare provider in the workplace; the fact that Cysewski cared for the grandchildren does not necessarily undermine her testimony of the limiting impact of her symptoms. On remand the ALJ must credit Cysewski's testimony regarding the severity of her symptoms, and reexamine the testimony of Cysewski's friend Wiley Peterson, in light of the foregoing discussion.

■ The ALJ's findings regarding Cysewski's RFC were not supported by sub-

** This disposition is not appropriate for publication and is not precedent except as provid-

ed by 9th Cir. R. 36–3.

stantial evidence and violated Social Security Ruling ("SSR") 96–8p. The ALJ erred in relying almost exclusively on the State Agency's Physical Residual Functional Capacity Assessment ("PRFCA") in determining Cysewski's RFC. Cysewski's PRFCA does not contain explanatory statements as required by the form's instructions. *See Celaya v. Halter*, 332 F.3d 1177, 1184 (9th Cir.2003) (holding that an ALJ committed error by relying on a PRFCA that was deficient because it lacked "comment, rationale, or evident attention to the medical record"). Therefore, it cannot serve as substantial evidence to support the ALJ's RFC determination. *See id.* Moreover, the ALJ erred by failing to make detailed findings regarding the "nature and extent of [Cysewski's] physical limitations and then determin[ing] [her] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b); *see also* 20 C.F.R. § 416.945(b); SSR 96–8p (enumerating the various exertional and nonexertional capacities and setting forth narrative discussion requirements for the ALJ). On remand, the ALJ must perform a function-by-function assessment of Cysewski's exertional and nonexertional capacities prior to expressing her RFC in terms of exertional categories such as "sedentary," "light," or "medium" work.

Because we conclude that ALJ's RFC finding is insufficient, we do not reach Cysewski's contention that the ALJ erred in failing to make findings about the specific requirements of her past relevant work. We note, however, that the determination as to whether a claimant retains the capacity to perform her past work depends on "[a] finding of fact as to the physical and mental demands of the past job/occupation." SSR 82–62; *see also* 20 C.F.R. §§ 404.1520(e), 416.920(e). We reverse and remand to the district court so that it can further remand to the agency with instructions to credit Cysewski's testimony about the severity of her symptoms and develop the record with respect to Cysewski's RFC.

**REVERSED and REMANDED.**